■ HERBERT MOSKOWITZ et al., Appellants, v 277 D&D RESTAURANT CORP. et al., Respondents. [637 NYS2d 54] —Order of the Supreme Court, New York County (Herman Cahn, J.), entered on or about October 12, 1994, which denied defendants' motion for a protective order and directed defendants to produce various documents sought by plaintiffs, including checking account statements and deposit slips of defendant World on Columbus, Inc., unanimously affirmed, without costs.

In this action for fraudulent conveyance, plaintiffs seek to recover from defendant World on Columbus, Inc. a money judgment for rent arrears obtained against defendant 277 D&D Restaurant Corp. Plaintiffs charge that assets of the defunct corporation were transferred and diverted to World on Columbus. The order appealed from denies defendants' motion for a protective order which sought to preclude deposition of two of the principles of defendant 277 D&D Restaurant Corp., who are also shareholders and, allegedly, the principles of defendant World on Columbus.

Insofar as is pertinent, the order states: "The court has to some extent limited the documents so that counsel may examine any and all documents of 277 D&D Restaurant Corp., and any documents of World on Columbus, Inc., [that] will relate to assets or debts of 277 D&D Restaurant Corp., or to any relationship between the two corporate defendants." On this appeal, plaintiff asserts that Supreme Court denied its cross-motion to compel World on Columbus (WOC) to produce "the checking account statements and deposit slips [of WOC] for the limited period of time that both [corporate defendants] were operating simultaneously."

While no brief has been submitted by defendants, this Court

is unable to discern any such limitation from the language of the order, which grants broad discovery of "any * * * documents" with respect to the finances of the judgment debtor and its relationship to World on Columbus. Upon defendants' failure to comply with the order by providing the requested documents, plaintiff may make application to Supreme Court pursuant to CPLR 3124 for the imposition of sanctions (CPLR 3126). Concur—Ellerin, J. P., Rubin, Nardelli, Williams and Mazzarelli, JJ.